## INDUSTRIAL COM. v. HENDRICKS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8138.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**413.   DIVORCE AND ALIMONY—677. Judgments and Decrees—254. Comity.**
1. Statute of Alabama, which confers upon defendant, in divorce proceeding, right to file

petition showing good and sufficient cause for setting aside decree, taken against him or her, within twelve months after decree is entered, where no personal service has been had, held to inhere alone in defendant and not in public or outsiders not parties to contract.

2. Widow and children of plaintiff, who remarried in less than 12 months after securing divorce under such statute, defendant therein not having filed such petition as such statute permits, held entitled to compensation awarded by Ohio Industrial Commission.

3. Contracting of bigamous marriage with another, held not to deprive lawful wife of benefits provided by 1465-82 GC.

615. HUSBAND AND WIFE—643. Insanity. Enforced confinement of wife in asylum for insane affords husband no lawful excuse to desert her.

Error to Common Pleas.

Judgment reversed.

E. C. Turner, Atty. Gen., Columbus, and John A. Elden and W. K. Edwards, Cleveland, for Indust. Com.

Cerrezin & Wilson and Gurney, Gurney & Gurney, Cleveland, for Hendricks.

STATEMENT OF FACTS.

This proceeding in error arises out of the contesting claims of two persons to a division of an award for compensation made by plaintiff in error on account of a fatal injury received, causing the death of one James T. Hendricks on July 21, 1925, while employed by the firm known as The Hepburn Company in the city of Cleveland.

As we read the pleadings the only real difference in the claims of the parties hereto is this:

That the said James T. Hendricks secured a divorce from his first wife, Bessie E. Hendricks, August 21, 1906, in the State of Alabama, and on November 26th, 1906, he and Harriet Malone Hendricks procured a marriage license in the State of Florida and were duly married on that date in said State. That the said James T. Hendricks and Harriet Malone Hendricks thereafter lived continuously together as husband and wife for the period of some fourteen years, during which time three children were born of such marriage. That at the expiration of said period when the said James T. Hendricks and Harriet Malone Hendricks were still living together as husband and wife it appears that said Harriet Malone Hendricks was committed to the Asylum for the Insane in said State of Alabama, where she is still confined as the wife of James T. Hendricks. On behalf of defendant in error it is claimed that the said James T. Hendricks and Harriet Malone Hendricks were never legally married because of their violation of certain sections of the Alabama statute restricting such marriage for the period of twelve months, after a decree for divorce had been granted the said James T. Hendricks, and making said marriage decree absolute upon the observance of said condition, when in fact it is claimed he disregarded said condition and that he and the said Harriet Malone Hendricks were married within three months after such decree was entered and said divorce was granted, and said marriage having been consummated during the twelve months following the date that said decree was entered and

before said decree became absolute, said marriage became unlawful and invalid.

SHIELDS, J.

Under the decree of divorce granted James T. Hendricks, it is provided that "the bonds of matrimony heretofore existing between the complainant and defendant be and the same are henceforth dissolved and annulled, the defendant in this case not having been personally served, this decree is subject to the provisions of Sections 753 and 754 of the Code of Alabama, and does not become absolute except as is provided by said law. August 21, 1906. An examination of said Section 753 provides that where a decree for divorce is granted and any of the parties affected thereby are infants or of unsound mind, a copy of the decree must be served upon the guardian of such person or persons. In this instance no such action was rendered necessary. Section 754 provides that "such defendant may file a petition showing sufficient cause for setting aside such decree and permitting such deefndant to defend the suit on its merits, at any time within such twelve months, unless such defendant has been served with a copy of such decree when such petition shall be filed within six months from such service. * * * Upon the hearing of such petition, the Chancellor has full power to open this decree and proceed with the cause as if no decree had been rendered therein." But, say counsel for defendant in error, that inasmuch as said decree was granted without personal service having been made, etc., and it is provided that said decree should not become absolute except as provided by law, namely, under Sections 753 and 754, that therefore it did not become absolute until the expiration of one year. True, but the validity of the decree rested with the defendant, and the mere fact that its validity was not attacked during the twelve months after the decree was entered and before the expiration of said twelve months, did not affect the rights of the said James T. Hendricks under said decree, because until attacked, within said period, the presumption was in favor of the validity of such decree. The decree was effective on the same date as entered, subject to the outstanding privilege given the defendant under said sections to resist or have said decree set aside upon proof made, etc. Here the record evidence is that no such attack was made. As we read said Section 754, it simply confers upon the defendant the right to file a petition showing a good and sufficient cause for setting aside a decree, taken against him or her, within twelve months after a decree is entered, where no personal service has been had, upon a hearing on its merits, when the rights of such defendant may be properly determined, if such rights are found by the Chancellor to have been denied the defendant. This right, in the opinion of this Court, inheres alone in the defendant and not in the public or outsiders who were not parties to the social contract intended for the betterment of the future of such contracting parties. And in their application to this case we recognize no distinction in the facts here shown as constituting a ground of divorce of the marital relation under the laws of Ohio. While the refinement of reasoning by counsel for defendant in error on the subject of the distinction formerly recognized by the text writers between divorces "amenso et thoro" and "vinculo matrimonii" is interesting and perhaps instructive, the question to be met here is whether or not a marriage ceremony was sol-

emnized and became and is a valid marriage contract between said James T. Hendricks and Harriet Malone Hendricks, no petition having been filed by the defendant for a re-examination of said divorce decree upon any ground whatever within twelve months after such divorce was granted. No such complaint having been filed by the defendant, and no cause appearing why said divorce should not be made absolute, said decree for divorce thereby became absolute. And if we are correct in this view, then it follows that the defendant in error has no legal right whatever to share or participate in the compensation allowed by plaintiff in error under Section 1465-82 of the Workmen's Compensation Law, because she is neither the wife of plaintiff in error, nor a lawful dependent of said decedent under said Act as held in the case of Industrial Commission of Ohio v. Dell, Executrix, et al., 104 OS. page 389. And we scarcely deem it necessary to add that the enforced confinement of decedent's lawful wife in an asylum for the Insane afforded decedent no lawful excuse to desert her, nor does the fact that he did desert her and was guilty of contracting a bigamous marriage with another, deprive his said lawful wife of the benefits provided by Section 1465-82 of the Code.

Lena Ware v. Industrial Commission of Ohio, et al. 19 O. N. P. N. S. page 251.

In this State a husband can have but one lawful wife and the record evidence in this case clearly shows that the action of the defendant in error in refusing to allow the said Harriet Malone Hendricks to receive the award made to her and her children on account of the injuries to and death of the said James T. Hendricks was clearly in violation of the rights of the said Harriet Malone Hendricks and her children under the provisions of the Workmen's Compensation Law, as shown by the facts and law of the case; that the verdict of the jury herein in awarding the defendant in error any part whatever of said award was contrary to law, that said Court erred in overruling the motion of plaintiff in error for an instructed verdict in its favor, that the charge of the trial Court as given was prejudicially erroneous to the legal rights of plaintiff in error, 'and that said judgment because of said errors of law should be reversed, and the same is hereby reversed, and judgment is entered herein for plaintiff in error. Exceptions.